UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES L. BOBO,

        Plaintiff,

    v.

COUNTY OF FRESNO DEPENDENCY COURT,

        Defendant.

No. C09-0320RSL

ORDER TO SHOW CAUSE

This matter comes before the Court *sua sponte*. Plaintiff has filed a complaint alleging that the County of Fresno Dependency Court improperly took jurisdiction over a juvenile dependency proceeding involving his daughter. Plaintiff seeks an order awarding him custody over his daughter.

The Court, having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (see Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's complaint fails to state a claim upon which relief can be granted in federal court. The allegations of the complaint raise issues that fall squarely within the domestic relations exception to federal diversity jurisdiction. See Atwood v. Fort Peck Tribal Court Assiniboine, 513 F.3d 943, 947 (9th Cir. 2008). As noted by the Ninth Circuit:

ORDER TO SHOW CAUSE

> "[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States, and not to the laws of the United States." Ohio ex rel. Popovici v. Agler, 280 U.S. 379, 383, 50 S.Ct. 154, 155, 74 L.Ed. 489 (1930) (quoting In re Burrus, 136 U.S. 586, 593-94, 10 S.Ct. 850, 852-53, 34 L.Ed. 500 (1890)). In keeping with this principle, "federal courts must decline jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child or husband and wife." Buechold v. Ortiz, 401 F.2d 371, 372 (9th Cir.1968); see also Csibi v. Fustos, 670 F.2d 134, 137-38 (9th Cir.1982).

Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986). "The strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate." Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (quoting Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir.1983)).

For all of the foregoing reasons, plaintiff shall, within thirty (30) days of the date of this order, SHOW CAUSE why the Court should not decline to exercise jurisdiction over the above-captioned matter. If plaintiff is asserting wrongs that would not require this Court to interfere in the state's custody determination, plaintiff must state the facts (such as the nature and effect of defendants' conduct) giving rise to such claims. Failure to respond adequately may result in the dismissal of plaintiff's case without prejudice. The Clerk of Court is directed to place this "Order to Show Cause" on the Court's calendar for Friday, May 8, 2009.

Dated this 26th day of March, 2009.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE -2-